# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STACY LYNN HUDSON,**

                **Plaintiff,**

**v.**                                             **Case No:  6:12-cv-1619-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

# REPORT AND RECOMMENDATION

The Plaintiff Stacy Lynn Hudson (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits and Supplemental Security Income.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by (1) failing to state with particularity the weight given to the opinions of Drs. Felix Ortiz, Psy.D., and Louis Raimondo, M.D., and the reasons therefor; and (2) failing to include Claimant's moderate limitations in maintaining concentration, persistence or pace in the ALJ's residual functional capacity assessment (the "RFC") and in the hypothetical question to the vocational expert (the "VE").  Doc. No. 15 at 10-26.[1] For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

---

[1] Claimant also suggests, in the alternative, that the ALJ's reasons for giving Dr. Raimondo's opinion "appropriate weight" are not supported by substantial evidence.  Doc. No. 15 at 24-25.  As set forth below, the ALJ failed to state with particularity the weight given to Dr. Raimondo's opinion and, therefore, it is unnecessary to address Claimant's alternative argument.

I.      **ANALYSIS.**

    A.  **Medical Opinion Evidence.**

Claimant argues the ALJ erred by failing to state with particularity the weight given to the opinions of Drs. Ortiz and Raimondo, and the reasons therefor.  Doc. No. 15 at 10-12, 21-25.  The ALJ's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability.  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schweiker*, 662 F.2d

731, 735 (11th Cir. 1981) (emphasis added)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (failure to clearly articulate reasons for giving less weight to the opinion of treating physician constitutes reversible error).

     **1.     Dr. Ortiz, Psy.D.**

On May 12, 2010, Dr. Ortiz, a psychologist, performed a consultative psychological evaluation of Claimant and a review of Claimant's medical records on behalf of the Commissioner. R. 322-24.  Dr. Ortiz noted that the medical records reveal an axis I diagnosis of schizoaffective disorder.  R. 322.  His mental status examination showed: normal orientation, gait and posture, speech, communication, hearing, and vision; depressed mood and restricted affect; evidence of thought disorder; unremarkable attention and concentration, mental flexibility, and recent and remote memory; and adequate reasoning, insight, and judgment. R. 323.  Dr. Ortiz diagnosed Claimant with schizoaffective disorder, depressive type; diabetes; and asthma.  R. 324.  He assigned Claimant a global assessment of functioning score ("GAF") of 50.  R. 324.  Dr. Ortiz stated that "it is not recommended that [Claimant] manage her own funds." R. 324.  His "prognosis/recommendations" were as follows:

> [Claimant] is a 47 year old woman who appears to suffer from a schizoaffective disorder as well as diabetes and asthma. <u>The symptoms based on client report and clinical observations appear to be moderately/severely impacting vocational performance and interpersonal interactions.</u>  [Claimant] reports that she is presently taking psychiatric medications and is scheduled to being [sic] psychotherapy in June 2010.  Prognosis is therefore judged to be fair with adequate treatment.

> In light of the above, it is recommended that [Claimant] pursue regular participation with a mental health professional to address her mental health issues as well as routine visits with a psychiatrist for appropriate pharmacotherapy and medication management. . . .

R. 324 (emphasis).  Thus, Dr. Ortiz opined that Claimant suffers from schizoaffective disorder, the symptoms of which "appear to be moderately/severely impacting vocational performance and interpersonal interactions."  R. 324.

 In his decision, ALJ Aaron M. Morgan, states the following with respect to Dr. Ortiz:

> In May of 2010, the claimant underwent a consultative psychological evaluation by Felix Ortiz, Psy.D., at the request of the Social Security Administration.  The claimant reported taking the bus to her appointment.  She appeared depressed and somewhat restless, but cooperative.  She was obese and unkempt.  She reported being laid off in October of 2008 and looking for a job ever since.  She was taking several medications with no reported side effects.  The claimant stated that she was able to do household chores and laundry.  Upon examination, she was alert and oriented times four.  Her mood seemed depressed and affect restricted, <u>but there were no evidence/signs of a thought disorder</u>.  She reported frequent delusions and hallucinations.  She denied current suicidal/homicidal ideations, gestures, or attempts.  Attention and concentration were unremarkable.  Immediate, recent, and remote memories were within normal limits.  Mental and written computations were within normal limits.  Dr. Ortiz's diagnosis was schizoaffective disorder, depressive type; diabetes; asthma; and GAF of 50.

R. 20 (emphasis added).  The ALJ did not mention Dr. Ortiz's recommendations and/or prognosis or Dr. Ortiz's opinion that Claimant's symptoms from her schizoaffective disorder appear to be moderately/severely impacting vocational performance and interpersonal interaction.  R. 20.  Moreover, the ALJ inaccurately stated that Dr. Ortiz's mental status examination revealed "no evidence/signs of a thought disorder" (R. 20) when Dr. Ortiz actually stated that "[t]here were evidence/signs of a thought disorder."  R. 323.  Finally, the ALJ's decision does not state with particularity the weight given to Dr. Ortiz's opinion.  R. 14-27.

 The Commissioner asserts that "[t]he ALJ properly weighed Dr. Ortiz's medical opinion," but then makes the contradictory assertion that the ALJ was not required to weigh Dr. Ortiz's evaluation "because it was not an opinion."  Doc. No. 17 at 5-7.  The court disagrees with both of these assertions.  As set forth above, whenever a physician offers a statement reflecting judgments

about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel,* 631 F.3d 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). Dr. Ortiz's evaluation satisfies these criteria and, therefore is an opinion which the ALJ was required to weigh with particularity and state the reasons therefor. R. 322-24. The ALJ's failure to do so constitutes reversible error. *Winschel,* 631 F.3d 1178-79. *See also MacGregor,* 786 F.2d at 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

### 2. Dr. Raimondo, M.D.

Dr. Raimondo, a psychiatrist, evaluated Claimant in 2009, and then again on July 7, 2011. R. 355-59, 400-10. As part of his July 7, 2011 evaluation, Dr. Raimondo provided a mental RFC assessment. R. 406-10. In the 2011 evaluation and mental RFC, Dr. Raimondo opined that Claimant was severely limited in numerous areas of functioning. R. 400-10. The Commissioner acknowledges that these limitations would, if accepted, preclude Claimant from working. *See* Doc. No. 17 at 10.

In his decision, the ALJ thoroughly discusses Dr. Raimondo's opinions. *Compare* R. 19, 21-22 *with* R. 355-59, 400-10. Claimant does not take issue with the accuracy of that discussion. *See* Doc. 15 at 4-5, 7-9. In determining the weight to be given to Dr. Raimondo's opinions, the ALJ stated the following:

> The ALJ has considered the opinion of Dr. Raimondo and <u>gives it</u> <u>appropriate weight</u>. The [ALJ] notes that Dr. Raimondo had the opportunity to examine the claimant on two separate occasions; i.e., once in July of 2009 and once in July of 2011. However, his opinion

is not entirely supported by the objective evidence of record.  The [ALJ] also notes that the claimant underwent the 2nd examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral in connection with an effort to generate evidence for the current appeal.  Further, the doctor was presumably paid for the report. Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot be entirely ignored.  Furthermore, Dr. Raimondo's opinion is inconsistent with statements/testimony from the claimant regarding activities of daily living as well as treatment notes of ACT showing an improvement in the claimant's symptoms with medication.  The [ALJ] also notes that Dr. Raimondo assigned the claimant a GAF of 60 during both evaluations, which according to the DSM-IV, Axis V represents only moderate symptoms (e.g. flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational or school functioning (e.g., few friends, conflicts with peers or co-workers).

R. 25 (emphasis added).

As stated, the ALJ gave Dr. Raimondo's opinions "appropriate weight."  R. 25.  Claimant maintains that the ALJ erred because "appropriate weight" is too ambiguous to satisfy the ALJ's duty to state with particularity the weight given to the opinions.  Doc. No. 15 at 24-25.  The Commissioner essentially fails to address Claimant's argument, and instead maintains that the ALJ gave Dr. Raimondo's opinions "little weight," a finding the Commissioner argues is supported by substantial evidence.  Doc. No. 17 at 10-15.  For the reasons set forth below, the court declines to accept the Commissioner's invitation to supplant the ALJ's actual finding – "appropriate weight" – with the Commissioner's desired finding – "little weight."

In *Varner v. Astrue*, Case No. 3:09-cv-1026-J-TEM, 2011 WL 1196422 at * 11 (M.D. Fla. Mar. 29, 2011), the ALJ stated that he gave the opinion evidence from two physicians "appropriate weight."  *Id*.  There, the court found that "[t]he word 'appropriate' is not particular, as it means suitable or fitting." *Id*. (internal citations omitted).  The court found that ALJ erred by failing to state with particularity the weight that was given to the opinions.  *Id*.  This court agrees with the

reasoning in *Varner*. The ALJ's statement that Dr. Raimondo's opinions were given "appropriate weight" (R. 24) is essentially meaningless because it provides no basis for the court to determine the weight the ALJ actually assigned to the opinions. *See also Lapoe v. Colvin*, 2013 WL 1149271 at *12 (M.D. Fla. Mar. 19, 2013) (finding "appropriate weight" is ambiguous and insufficient to guide court in substantial evidence review). Thus, the court finds that the ALJ erred by failing to state with particularity the weight the ALJ gave to Dr. Raimondo's opinions. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

**B.  Concentration, Persistence or Pace.**

Claimant argues that the ALJ erred by failing to include moderate limitations in concentration, persistence or pace in the RFC and in the hypothetical question to the VE. Doc. No. 15 at 13-21. As set forth above, the case must be remanded due to the ALJ's errors with respect to the opinions of Drs. Ortiz and Raimondo. On remand, the ALJ will necessarily have to re-evaluate all of the evidence at each step of the sequential evaluation process, including any functional limitations resulting from Claimant's mental health impairments. Accordingly, it is unnecessary to determine whether the ALJ also erred by failing to include additional non-exertional limitations in the RFC and in the hypothetical question to the VE. On remand, the Commissioner is reminded that in *Winschel*, the Eleventh Circuit held that if a claimant is found to suffer moderate limitations in concentration, persistence, and pace, the ALJ must either "indicate that medical evidence suggested [that claimant's] ability to work was unaffected by [those] limitation[s]," or include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE. *Winschel*, 631 F.3d at 1181.

II.      **CONCLUSION**.

Claimant requests reversal and a remand for further proceedings.  Doc. No. 15 at 26.   The court finds that a remand for further proceedings is appropriate.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1.      **REVERSE** and **REMAND** the final decision for further proceedings pursuant to sentence four of Section 405(g);

2.      Enter judgment in favor of the Claimant and against the Commissioner; and

3.      Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection.

**RECOMMENDED** in Orlando, Florida on January 3, 2013.

_____
THE HONORABLE PAUL A. ZOSS
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200

400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Aaron M. Morgan
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224