**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STACY LYNNE HUDSON,**

      **Plaintiff,**

**v.**                               **Case No:   6:12-cv-1619-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. No. 24)**
>
> **FILED:**    **March 10, 2014**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.   BACKGROUND.**

On February 6, 2014, judgment was entered reversing and remanding the case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 23. Plaintiff now moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of attorney fees (the "Motion"). Doc. No. 24. The Motion is unopposed. Doc. No. 24 at ¶ 11.

**II.     DISCUSSION.**

Plaintiff requests an award of $5,399.50 in attorney fees. Doc. No. 24 at 3. The chart below represents the hours worked and the hourly rates requested:

| Attorney | Year | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| Richard Culbertson, Esq.: | 2012 | 0.7 | $184.00 | $128.80 |
| | 2013/2014 | 2.5 | $187.00 | $467.50 |
| Sarah Fay, Esq.: | 2012 | 0.9 | $184.00 | $165.60 |
| | 2013/2014 | 24.8 | $187.00 | $4,637.60 |
| | **Total** | | | **$5,399.50** |

Doc. No. 24 at ¶ 8. Plaintiff attaches detailed time sheets in support of the above hours and hourly rates. Doc. No. 24 at 12-13. Plaintiff also represents that the above hourly rates do not exceed the EAJA cap of $125.00 per hour adjusted for inflation. Doc. No. 24 at 8-10. Upon consideration, the undersigned finds that Plaintiff's request for $5,399.50 in attorney fees is reasonable.

Additionally, Plaintiff represents that she agreed to assign her right to attorney fees to Mr. Culbertson. Doc. No. 24 at ¶ 9.[1] As a result, Plaintiff represents that "[i]f the U.S. Department of the Treasury determines that [she] does not owe a federal debt, the government will accept [her] assignment of EAJA fees and pay fees directly to [her] counsel." Doc. No. 24 at ¶ 9. Given these representations, Plaintiff requests that the Court "authorize payment of the attorney fees to [her] counsel if the Commissioner determines [she] does not owe a debt to the government." Doc. No. 24 at 3.

---

[1] Plaintiff entered into the agreement on October 23, 2012. Doc. No. 24-1.

In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-29 (2010), the United States Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. The Supreme Court noted, however, that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney, analogizing to those cases interpreting and applying 42 U.S.C. § 1988 where the Court has held a prevailing party has the right to waive, settle, negotiate, or assign his or her entitlement to attorney fees. *Id*. at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) to be valid. *See Farm Bureau Mut. Ins. Co. v. United States*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984). Section 3727(b), provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(b) (emphasis added). Thus, any assignment of EAJA fees which predates an award and determination of the amount of fees is voidable. *See, e.g.*, *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008); *Young v. Astrue*, 2011 WL 1196054, at *3-4 (M.D. Ga. Feb. 24, 2011). Based on the foregoing, the undersigned concludes that the award of EAJA fees should be made to Plaintiff as the prevailing party.

### III. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 24) be **GRANTED** only to the extent that the Court awards EAJA fees to Plaintiff, as the prevailing party, in the amount of $5,399.50; and

    2. Otherwise, **DENY** the Motion.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on March 12, 2014.

                                                    */s/ Gregory J. Kelly*
                                                    GREGORY J. KELLY
                                                    UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] The United States Department of the Treasury (the "Department") may exercise its discretion to honor Plaintiff's assignment of benefits if it determines that Plaintiff does not owe a debt to the Government. However, the Court is not ordering the Department to honor it.